May it please the Court, I'm Megan Flynn representing the claimant in this Longshore compensation case. There are two related issues of statutory construction that the case raises. The first is, what does it mean to have an injury that's due solely to intoxication of the claimant? And the second is, what kind of evidence does it take to prove that the injury was due solely to the intoxication of the claimant? The question of injury, are you really talking about the proving, or are you talking about the rebutting, the statutory presumption? They feed together. My worry is, it seems to me, that's a pretty critical issue. Because if all you're talking about, are you talking about the ultimate decision by the ALJ, and you're not talking about whether there was sufficient evidence to rebut the presumption? Is that what you're saying? That's the the sufficient evidence to rebut the presumption is the threshold. Initially, the ALJ Right. That's the threshold. Right. But are you not appealing that? Yes, absolutely. Okay. And to some extent the ultimate proof is quite a different. Then we have the ALJ making the decision without any presumption involved, correct? Right. Right. And initially, the ALJ found both that the evidence was not sufficient to rebut the presumption and that she was not persuaded by the proof presented by the employer. Right. And the only thing that changed between that first decision and her decision on remand was the board's instruction that the ALJ had pointed out that there wasn't she wasn't convinced and that there wasn't evidence to rebut the presumption because the experts didn't talk about other things. Essentially, it's this distinction between do you have to have evidence to prove that there was no other cause, or is there some other concept, which is kind of what the experts were getting at, that intoxication explains it because you can explain that he was so drunk, something bad was going to happen, and he was going to fall, and fall is the same as injury, and that disposes of it. The board reversed initially because saying that the ALJ had to find evidence of other causes. There had to be something in the record to suggest other causes before she could hold the employer to proving that there was other cause. Is there any evidence other than his intoxication that would explain this? The yes. I mean, what we know is from all the experts agreed that the intoxication doesn't solely explain it in the sense, I mean, that depends how you talk about it, but he didn't pass out. I mean, there's no evidence that he tripped and fell. Well, but there's the evidence. There's no evidence that the thing was slippery that day or that it was raining. He has no recollection of how he fell. I mean, is there any evidence at all that he didn't do, that he just wasn't drunk and fell over? That's the experts agreed. He didn't just fall over. He didn't just pass out. He didn't just lose his balance and happen to be near the edge. But that didn't stop them from saying intoxication explains it entirely. And that's a really key distinction, because if there was evidence that he simply passed out and he was in a bad spot when he passed out, then you're getting to the point where you're saying he didn't pass out for some medical reason other than his intoxication or no. I mean, the employer's experts said that they're not they weren't they weren't saying that he passed out from it for any reason. I mean, so essentially the reason I'm having a hard time following you, what other cause would there does the evidence show would have caused this accident? The evidence is that there had to be something combining with the intoxication. And that would be what what does the evidence show combined with this? Was it slippery that day? Is there evidence? It doesn't identify exactly what that would have been. And that's why that's the problem, isn't it? I mean, well, that's where maybe he was hit by a meteor. Now, maybe, but is there any evidence to support that proposition? Is there any evidence to support any other explanation? The presumption means that the claimant doesn't have to prove what else combined. There's a couple of different I mean, the employer. But eventually you have to start thinking, okay, there are possibilities and there are probabilities, and you make assessments of what's realistic. He could have been hit by a meteor. Right. Not impossible, but we don't assume that's the case. And once the presumption has been aside here, been set aside here, what do you have? I mean, it's hard to come up with another explanation. It's not, though. I mean, even employers. But you haven't been able to come up with an explanation in response to Judge Silverman's question. So how about try now? Give me another explanation. He tripped. Okay. But that that wasn't attributed to intoxication? I mean, were the conditions such that tripping is a logical possibility but for the fact that he's drunk? Drunk people trip a lot. Sober people don't. Sometimes. Well, what evidence is it that a sober person would have tripped? Well, and that's what gets into the distinction between whether what it means to produce to have evidence that intoxication was the sole cause. And it could be direct. I mean, the experts could have come in and said he was so drunk, he just passed out. Or as in the Sheridan case, you know, he was so drunk, he vomited and asphyxiated. That would be direct evidence. That would rebut the presumption. Because they – and the reason it gets more complicated here is that that isn't what the experts were saying. There wasn't direct evidence that intoxication was in its own universe. There was no other evidence. There was direct evidence that he drank two beers prior to going to work, that he drank three beers between eight and twelve, that he drank four to five beers at lunch, and that from twelve to four, he drank the majority of a pint of whiskey. Now, even for an Idaho boy, cowboy, that's pretty good evidence he's drunk. Even for an Idaho kid who likes to hold his whiskey. I mean, there it is. I mean, there is no other evidence. Then he fell over the ledge. He says at the hearing, I cannot remember the details of the accident. Then he throws in some hearsay. But I think the co-workers think I tripped over a bright orange warning cone, but that's even contrary to what he says in the deposition. So here we are, and we're talking about me, my job. My job is to review the decision of the BRB to make certain they adhere to the scope of review. Their scope of review is to determine if there's substantial evidence that can rebut the presumption. I don't know how I can say there's not substantial evidence to rebut the presumption by what I've already said. Substantial evidence is anything more than a scintilla. Anything that is relevant, that a reasonable mind might accept as adequate. How can I say the BRB abused their discretion in deciding there was substantial evidence here? Or even de novo? Yeah. I mean, just deciding whether the presumption is rebutted is not a, there's no deference to the BRB on that. It's a legal question. I understand. Even de novo. That's what I said. Then I go to the second part, which is the ultimate decision. That's where the abuse of discretion would come in. Well, the ultimate decision from the ALJ was even going to the second part. It's not proven. Yeah. And that was the only one. But going back to the ALJ, what did he say? The questions you're asking are the, reflect the same focus as the board's, and that is the lack of other evidence to explain what happened. But that's a shifting of the burden. It's not the claimant's burden, both the presumption and the setup of the intoxication defense. I'm not shifting the burden at all. I'm saying this was what the employer presented, having the burden to get rid of the presumption. This is the evidence that was presented. And no other evidence presented at all. And I'm to say on that record that they, the burden still exists because there's no other evidence. The idea of a presumption is that you don't get to the what's the other evidence. Well, there's nothing. There's nothing. I mean, this is substantial evidence or it isn't. And then I look at substantial evidence and what the definition of it is, and it seems like it is, so I'm done. Let me ask it another way, the same question Judge Smith's asking another way. You start with the presumption in your favor. Yes. Right. They come forward with evidence. They have Doctors Burton and Jacobson. They testify that there's no other evidence of what would cause it other than intoxication. They testify that the conditions were good. It wasn't slippery. It wasn't raining. No other reports of other people tripping. So by process of elimination, they rule out other causes. I don't understand why that doesn't rebut the presumption, which admittedly begins in your favor, but they've come forward with this. I don't see where the ALJ initially said, you didn't – I don't accept these doctors' opinions as rebuttal or as fully persuasive because they didn't come in and say that he didn't trip. In fact, they – some of their opinions included that, yes, he tripped over something, but he was just so drunk that the other thing wouldn't necessarily have tripped a sober person. The Board said that doesn't work because the claimant didn't have evidence that there were these other factors, but that's what the presumption is all about. The claimant doesn't have to have evidence. What else could they have come forward with to rebut the presumption? I mean, the way you describe it, it would be an irrebuttable presumption. No. Direct evidence would be easy. I mean, they could have said no other factor contributed. And that's really what it comes down to, is when the statutes talk about solely due to intoxication, do they mean the concept that the doctors had in mind that he was so intoxicated, he might have been in a bad environment, there might have been a reason why he was so intoxicated, that that was the overriding cause? And is that what it means to be solely due to intoxication, or is there an element of not any coordinating additional causes? The other thing that – beyond this question of rebuttal is the question of what does injury mean. The Board said you proved that the fall was due to intoxication solely, and you've proven that the injury was due solely to intoxication. That's not a definition of injury that exists anywhere else in the statute or that the courts have ever used in talking about injury within the meaning of the statute. And it ignores the question of harm contributing, the role of harm in the injury. And that reasoning of the Board is another – is an additional reason that it needs to be reversed. That's kind of hard to understand for me. You're saying that intoxication could have been the cause of the fall, but the injury was him hitting his head? Correct. It's like somebody who's a gunshot victim, you'd say, well, you know, it wasn't really – he didn't die of a shooting, he died of an overdose of lead or something like that. But that seems like there's a factual element to that, and the Board ruled it out as a matter of law. I mean, basically, it said if the fall was due solely to intoxication, then the injury was, without any analysis, without allowing the ALJ to analyze, is that factually here the case? Is this the kind of injury that inevitably results when you fall? And I'll save my last little bit of time. Thank you very much, Ms. Flynn. Good morning. May it please the Court. Robert Babcock for Marine Terminals Corporation. The other parties' respondent have elected not to appear at the oral argument. Thank you, Mr. Babcock. We are the employer to whom Mr. Schwererzy was dispatched on January 8th of 2006. And our position is pretty simple, I think. The evidence we presented in this case is not sufficient to rebut the Section 20C presumption and, as the administrative law judge determined, provide a clear preponderance of the evidence that Mr. Schwererzy's fall and injury were occasioned solely by his intoxication. If that's not what we did in this case, then to us, Section 3, the prohibition against compensation for solely caused injuries, intoxication, has no meaning. This record contains no credible evidence pointing to or capable of supporting a permissible inference of any other cause. Mr. Schwererzy's expert physician, Dr. Brady, said, for all practical purposes, there's not enough here for me to say what occasioned this particular fall and injury. In contrast, our doctors, looking at the evidence regarding the absence of dripping and slipping hazards, the degree, the very extreme degree of intoxication, 0.22 is the minimum level, and that's a high level. Looking at that, the effects of that level of intoxication on the individual's functioning in terms of motor coordination, concentration, et cetera. Clear Deck, Drunk Walker, they concluded the most probable cause, and the most probable sole cause, was intoxication. And I think that's fully supported by the evidence, and I think the presumption went out of the case quite early when that proof went in, because if credited, that testimony was sufficient to permit a reasonable man to – it was adequate to permit a reasonable man to support a conclusion. And that's the standard as long as we went beyond a scintilla, and I think we truly did. The debate, if you wish to hear anything more about that, of this distinction between physical harm and – between the fall and the physical injury, it is our view that we focus and must properly focus on what I'll loosely call the precursor event, not the varieties of inevitable results of that. Ms. Flynn, in her briefs, made reference to a number of old Admiralty cases involving ship collisions, which provided some of the earliest definitions of occasions solely by. And in each of those, you looked to the precursor event. Who made the last mistake, basically, in the operation of the vessel? Well, at that point, the collision was inevitable. When Mr. Schwarzy walked to the edge of this dock in his condition and started the fall, his injuries were inevitable. And if we don't – and I think that that pretty much ends the inquiry. If there's any questions, I'm happy to have them, but I really have nothing more to say directly. Okay. Thank you very much, Mr. Becker. Ms. Flynn, you've got about a minute left. Thank you. This case is not actually appealing, but the problem with the Board's decision is that it makes statements about what it means to have an injury due solely to intoxication that go way beyond this case. It's a published decision that's going to stand for all future cases, regardless of whether they're as factually unappealing as this one or not. An injury throughout the way it's used in the Act incorporates a concept of harm. The Board decision takes that out of the equation when you're talking about 902C. And for that reason alone, the decision needs to be reversed. Thank you. Thank you. Mr. Mapcock, thank you. The case just argued or the case just argued is submitted. We'll stand at recess for the morning. Thank you.
judges: Silverman, Clifton, Smith